**HAYES PAWLENKO LLP**
MATTHEW B. HAYES (SBN 220639)
mhayes@helpcounsel.com
KYE D. PAWLENKO (SBN 221475)
kpawlenko@helpcounsel.com
595 E. COLORADO BLVD., SUITE 303
PASADENA, CA 91101
(626) 808-4357; FAX (626) 921-4932

Attorneys for Plaintiff
CONNIE SCHWENDEMAN

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONNIE SCHWENDEMAN, an individual on behalf of herself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HEALTH CAROUSEL, LLC; HEALTH CAROUSEL TRAVEL NETWORK, LLC; and DOES 1 to 10 inclusive,<br><br>Defendants. | **COLLECTIVE AND CLASS ACTION**<br><br>**COMPLAINT FOR:**<br><br>1. **Failure to Pay Overtime Wages (Cal. Labor Code §§ 510, 1194)**<br>2. **Unfair Business Practices (Cal. Business & Professions Code § 17200, *et seq.*)**<br>3. **Waiting Time Penalties (Cal. Labor Code § 203)**<br>4. **Inaccurate Wage Statements (Cal. Labor Code § 226)**<br>5. **Violations of the Fair Labor Standards Act (29 U.S.C. §§ 201, *et seq.*)**<br><br>**AND DEMAND FOR JURY TRIAL** |

**COLLECTIVE AND CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

1

Plaintiff CONNIE SCHWENDEMAN ("Plaintiff"), on behalf of herself and all others similarly situated, alleges as follows:

## NATURE OF THE ACTION

1. This is a California-wide class action and nationwide FLSA collective action against the interrelated entities of HEALTH CAROUSEL, LLC and HEALTH CAROUSEL TRAVEL NETWORK, LLC for (1) failing to include the value of housing and meal and incidental benefits in the regular rate of pay when calculating overtime; (2) failing to pay all wages owing at time of discharge; and (3) failing to furnish accurate itemized wage statements.

## JURISDICTION

2. This Court has jurisdiction under 28 U.S.C. § 1332(a)(1) because the amount in controversy in this action exceeds $75,000, exclusive of interests and costs, and because the parties are citizens of different states.

3. This Court also has original federal question jurisdiction under 28 U.S.C. § 1331 because this action arises under the laws of the United States. Specifically, this action arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), which authorizes private rights of action to recover damages for violations of the FLSA's wage and hour provisions.

4. This Court has supplemental jurisdiction over the California state law claims under 28 U.S.C. § 1367 because they are so related to this action that they form part of the same case or controversy under Article III of the United States Constitution.

## VENUE

5. This action may be brought in this judicial district pursuant to 28 U.S.C. § 1391 because Health Carousel, LLC and Health Carousel Travel Network, LLC transact business in this district and a substantial part of the acts and/or omissions giving rise to the claims occurred in this district.

## PARTIES

6. Plaintiff is a citizen of Florida who was employed as a non-exempt hourly employee of Health Carousel, LLC and Health Carousel Travel Network, LLC in Palo Alto,

COLLECTIVE AND CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

2

California from August 2017 to February 2018.  Plaintiff also worked as a non-exempt hourly employee for Health Carousel Travel Network, LLC in Missouri from March 2018 to June 2018.

7. Defendant Health Carousel, LLC is an Ohio limited liability company that, at all relevant times, has been engaged in the business of health care staffing throughout California and the rest of the United States.

8. Defendant Health Carousel Travel Network, LLC is an Ohio limited liability company that, at all relevant times, has been engaged in the business of health care staffing throughout California and the rest of the United States.

9. Defendants Health Carousel, LLC and Health Carousel Travel Network, LLC are joint employers and/or are integrated to such a degree that they are a single employer in that they both exercised control over Plaintiff's and other putative class members' wages, hours and working conditions, and they shared management, offices, human resources, payroll functions, and had common ownership and/or financial control.

10. Plaintiff is currently unaware of the true names and capacities of the defendants sued by the fictitious names DOES 1 through 10, inclusive, and, therefore, sue those defendants by fictitious names.  Plaintiff alleges on information and belief that each of the DOE defendants is responsible or liable in some manner for the conduct alleged in the complaint and that Plaintiff's damages as herein alleged were proximately caused by those DOE defendants. Plaintiff will amend this complaint to allege the true names and capacities of such fictitiously named defendants when they are ascertained.

11. Plaintiff alleges on information and belief that, at all times herein mentioned, each of the defendants was the agent, servant and employee of each of the other defendants, and in connection with the conduct hereinafter alleged, was acting within the scope of such agency and employment, and each defendant ratified each and every act, omission and thing done by each and every other defendant named herein.

12. Defendants Health Carousel, LLC, Health Carousel Travel Network, LLC, and DOES 1 through 10 will be referred to hereafter, collectively, as "Defendants."

**COLLECTIVE AND CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

## FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

13. Defendants employ numerous non-exempt hourly health care professionals for travel assignments at health care providers throughout the United States (hereafter "Travelers").

14. Defendants require that Travelers be available to work at least the number of minimum guaranteed hours specified in their assignment contracts.

15. As part of Travelers' compensation, Defendants provide a housing benefit in the form of either a per diem housing stipend or company-provided housing for the duration of the travel assignment.

16. As part of Travelers' compensation, Defendants provide a per diem meals and incidentals stipend for the duration of the travel assignment.

17. When Travelers fail to work the minimum number of weekly hours required by their contracts, Defendants assess a "fixed cost recovery" charge for each hour not worked, effectively reducing the value of the housing and meal and incidental benefits in proportion to the number of hours actually worked.

18. The housing and meal and incidental benefits are thus not based on the actual housing and meal expenses actually incurred each week, but instead are based upon, and fluctuate with, the number of hours worked per week.

19. Notwithstanding that the amount of the housing and meal and incidental benefits vary based upon hours worked, Defendants do not include the value of the housing benefit or meals and incidentals stipend in Travelers' regular rates of pay when calculating overtime and double time.

20. As part of Travelers' compensation, at the outset of an assignment Defendants promise to pay Travelers certain non-discretionary bonus remuneration upon satisfaction of the bonus criteria.

21. Notwithstanding that this promised bonus remuneration is non-discretionary once earned, Defendants do not include the value of bonus remuneration in Travelers' regular rates of pay when calculating overtime and double time.

COLLECTIVE AND CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

4

22. When Travelers in California work double time, Defendants' wage statements inaccurately show those hours being paid at the base hourly rate.

23. During Plaintiff's employment with Defendants, she worked in excess of 8 hours per day and 40 hours per week.

24. As part of Plaintiff's compensation, Defendants provided her with a per diem housing stipend and a per diem meals and incidentals stipend for the duration of her travel assignments.

25. When Plaintiff failed to work the minimum number of weekly hours required by her contract, she was assessed a fixed cost recovery charge for each hour not worked, effectively reducing the value of her per diem housing stipend and per diem meals and incidentals stipend in proportion to the number of hours she actually worked per week.

26. Defendants did not include the value of Plaintiff's per diem housing stipend or per diem meals and incidentals stipend in her regular rate of pay when calculating overtime and double time.

27. As part of Plaintiff's compensation, at the outset of her assignment Defendants promised to pay her certain non-discretionary bonus remuneration upon her satisfaction of the bonus criteria.

28. When Plaintiff satisfied the criteria and earned a bonus payment, Defendants failed to include the value of her bonus remuneration in her regular rate of pay when calculating overtime and double time.

29. When Plaintiff worked double time for Defendants in California, her wage statements inaccurately showed those hours being paid at her base hourly rate.

**REPRESENTED PARTIES UNDER FLSA COLLECTIVE ACTION**

30. Plaintiff brings the FLSA claim on behalf of herself and all non-exempt hourly employees employed by Defendants in the United States at any time since December 19, 2015 who received a housing benefit, meals and incidentals stipend, and/or bonus remuneration (hereafter "FLSA Collective").

**COLLECTIVE AND CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

Case 5:18-cv-07641-BLF   Document 1   Filed 12/19/18   Page 6 of 15

**CLASS ACTION ALLEGATIONS**

31. Plaintiff brings the California state law claims on behalf of herself and all others similarly situated pursuant to Federal Rule of Civil Procedure 23. Plaintiff seeks to represent a California class composed of the following:

> All non-exempt hourly employees employed by Defendants in California from December 19, 2014 through the date of class certification who received a housing benefit, meals and incidentals stipend, and/or bonus remuneration (hereafter "California Class").

32. Plaintiff reserves the right to amend or modify the class descriptions or establish additional subclasses as appropriate.

33. This action has been brought and may properly be maintained as a class action under Rule 23 because there is a well-defined community of interest in the litigation.

**A. Numerosity**

34. The potential members of the class as defined are so numerous that joinder of all the members of the class is impracticable. While the precise number of members of the class has not been determined at this time, Plaintiff is informed and believes that the class contains in excess of 100 individuals.

**B. Commonality**

35. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. These common questions include, without limitation, whether Defendants were required to include the value of the housing benefit, meals and incidentals stipend, and/or bonus remuneration in Travelers' regular rates of pay.

**C. Typicality**

36. The class claims of the proposed class representative are typical of the claims of each class member.

37. As with other members of the California Class, Defendants failed to include the value of Plaintiff's housing benefit, meals and incidentals stipend, and bonus remuneration in

COLLECTIVE AND CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff's regular rate of pay when calculating overtime and double time.

D.  **Adequacy of Representation**

38. Plaintiff will fairly and adequately represent and protect the interests of the members of the California Class. Counsel who represent Plaintiff are competent and experienced in litigating employment class actions.

E.  **Superiority of Class Action**

39. A class action is superior to other available means for the fair and efficient adjudication of the class claims. Individual joinder of all class members is not practicable, and questions of law and fact common to the class predominate over any questions affecting only individual members of the class. Each member of the class has been damaged and is entitled to recover by reason of Defendants' illegal common policies.

40. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

**FIRST CAUSE OF ACTION**

**CLASS ACTION CLAIM FOR FAILURE TO PAY OVERTIME**

**(LABOR CODE §§ 510, 1194)**

41. Plaintiff realleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

42. Labor Code section 510 requires an employer to provide premium overtime and/or double time pay for work in excess of 8 hours per day and 40 hours per week.

43. Labor Code section 1194 entitles an employee receiving less than the legal overtime and/or double time pay to recover, in a civil action, the unpaid balance of overtime and/or double time wages owing, plus interest, reasonable attorneys' fees, and costs of suit.

44. As a result of Defendants' failure to include the value of all remuneration in employees' regular rates of pay, Plaintiff and other members of the California Class were not

paid the correct premium overtime and/or double time rates for hours worked in excess of 8 hours per day and/or 40 hours per week.

45. Plaintiff seeks to recover, on behalf of herself and other California Class members, payment of the overtime and/or double time owing to them, plus penalties and interest, attorneys' fees and costs, in an amount to be proven at trial.

## SECOND CAUSE OF ACTION

## CLASS ACTION CLAIM FOR UNFAIR BUSINESS PRACTICES

## (BUSINESS & PROFESSIONS CODE § 17200, *et seq*.)

46. Plaintiff realleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

47. A violation of California Business & Professions Code section 17200, *et seq*. may be predicated on the violation of any state or federal law.

48. Defendants' failure to pay Plaintiff and other class members the correct premium overtime and/or double time rates for hours worked in excess of 8 hours per day and/or 40 hours per week violates Business & Professions Code section 17200, *et seq*. by virtue of violating Labor Code section 510.

49. Defendants' conduct, as alleged herein, has been, and continues to be, unfair, unlawful, and harmful to Plaintiff, the other California Class members, and the general public. Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure section 1021.5.

50. Defendants' activities, as alleged herein, are violations of California law, and constitute unlawful business acts and practices in violation of California Business & Professions Code section 17200, *et seq*.

51. Pursuant to California Business & Professions Code section 17200, *et seq*., Plaintiff and other California Class members are entitled to an accounting for and restitution of the wages unlawfully withheld and retained by Defendants during the class period, an award of attorneys' fees pursuant to California Code of Civil Procedure section 1021.5 and other

**COLLECTIVE AND CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

8

applicable laws, and an award of costs.

## THIRD CAUSE OF ACTION

## CLASS ACTION CLAIM FOR WAITING TIME PENALTIES

## (LABOR CODE §§ 201, 203)

52. Plaintiff realleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

53. Labor Code section 201 requires an employer to immediately pay all wages owing to an employee at the time of discharge.

54. In violation of Labor Code section 201, Defendants discharged Plaintiff and other members of the California Class without paying them the overtime and/or double time owing.

55. Defendants' failure to pay Plaintiff and other California Class members the overtime and/or double time owing at the time of discharge, as alleged above, was willful, as Defendants intentionally failed to include all remuneration in their regular rates of pay.

56. Pursuant to Labor Code section 203, Plaintiff and other California Class members are entitled to waiting time penalties in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

## INACCURATE WAGE STATEMENTS

## (LABOR CODE § 226)

57. Plaintiff realleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

58. California Labor Code section 226(a) provides, *inter alia*, that "[e]very employer shall … furnish each of his or her employees … an accurate itemized statement in writing showing … (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee."

59. In violation of Labor Code section 226(a)(9), Defendants knowingly and intentionally furnished employees with wage statements that showed the incorrect hourly rate for double time hours worked.

60. As a result of Defendants' failure to comply with Labor Code section 226(a)(9), Plaintiff and other California Class members have suffered injury insofar as they cannot promptly and easily determine from their wage statements alone whether their double time hours worked were paid at the correct rate of pay.

61. Plaintiff seeks to recover, on behalf of herself and other members of the California Class, the penalty provided by Labor Code section 226(e), plus attorneys' fees and costs.

## FIFTH CAUSE OF ACTION

## COLLECTIVE ACTION CLAIM FOR VIOLATION OF THE FLSA

## (29 U.S.C. §§ 207, 216)

62. Plaintiff realleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

63. At all relevant times, Defendants were an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the FLSA, and grossed more than $500,000 in each of the last three calendar years.

64. At all relevant times, Defendants employed non-exempt hourly health care professionals, including Plaintiff and the FLSA Collective.

65. Attached hereto, as Exhibit 1, is the consent to sue form signed by Plaintiff in this action pursuant to section 16(b) of the FLSA, 29 U.S.C. §§ 216(b) and 256. Other FLSA Collective members will likely sign consent to sue forms and join as opt-in plaintiffs on this claim in the future.

66. The FLSA requires each covered employer, such as Defendants, to compensate all non-exempt employees for all hours worked and overtime at a rate of not less than one and one-half times the regular rater of pay for work performed in excess of forty hours in a workweek.

67. As alleged above, in violation 29 U.S.C. § 207, Defendants did not include the value of all remuneration in the regular rate of pay for purposes of calculating overtime when Plaintiff and other FLSA Collective members worked in excess of forty hours in a workweek.

/ / /

**COLLECTIVE AND CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

68.  The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

69.  Plaintiff, on behalf of herself and the FLSA Collective, seeks damages in the amount of their respective unpaid overtime compensation, liquidated damages, attorneys' fees and costs as provided by the FLSA, 29 U.S.C. § 216(b), and such other legal and equitable relief as the Court deems just and proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

### Class Certification

1. That this case be certified as a class action with respect to the California state law claims;

2. That Plaintiff be appointed as the representative of the California Class; and

3. That counsel for Plaintiff be appointed as class counsel.

### Collective Action Certification

4. That the FLSA claim be certified as a collective action and that notice be sent to the FLSA Collective providing them notice of the opportunity to join this case pursuant to 29 U.S.C. § 216(b).

### First Cause of Action

5. That the Court declare, adjudge and decree that Defendants violated Labor Code section 510 by failing to pay Plaintiff and other California Class members the correct overtime and/or double time rates for hours worked in excess of 8 hours per day and/or 40 hours per week;

6. For unpaid overtime and/or double time wages and such general and special damages as may be appropriate;

7. For pre-judgment interest on any unpaid wages owing commencing from the date such amounts were due;

8. For attorneys' fees and costs of suit incurred herein pursuant to Labor Code section 1194(a); and

COLLECTIVE AND CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

9.    For such other and further relief as the Court may deem equitable and appropriate.

**Second Cause of Action**

10.    That the Court declare, adjudge and decree that Defendants violated Business & Professions Code section 17200, et. seq. by failing to pay Plaintiffs and other California Class members the correct premium overtime and/or double time rates for hours worked in excess of 8 hours per day and/or 40 hours per week in violation of Labor Code section 510;

11.    For an accounting for and restitution of the wages unlawfully withheld and retained by Defendants during the class period;

12.    For attorneys' fees and costs of suit incurred herein pursuant to Code of Civil Procedure section 1021.5; and

13.    For such other and further relief as the Court may deem equitable and appropriate.

**Third Cause of Action**

14.    That the Court declare, adjudge and decree that Defendants violated Labor Code section 201 by willfully failing to pay Plaintiff and other California Class members all wages owing at the time of discharge;

15.    For statutory waiting time penalties pursuant to Labor Code section 203 for Plaintiff and other California Class members; and

16.    For such other and further relief as the Court may deem equitable and appropriate.

**Fourth Cause of Action**

17.    That the Court declare, adjudge and decree that Defendants violated Labor Code section 226(a)(9) by failing to furnish Plaintiff and other California Class members with wage statements showing the correct rate of pay for double time hours worked;

18.    For statutory penalties, attorney's fees, and costs of suit pursuant to Labor Code section 226(e); and

19.    For such other relief as the Court may deem equitable and appropriate.

///

///

COLLECTIVE AND CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

**Fifth Cause of Action**

20. That the Court declare, adjudge and decree that Defendants violated 29 U.S.C. § 207 by failing to pay Plaintiff and other members of the FLSA Collective the correct overtime rates for all hours worked in excess of 40 hours per week;

21. For unpaid overtime compensation wages;

22. For liquidated damages as provided by the FLSA, 29 U.S.C. § 216(b);

23. For attorneys' fees and costs of suit incurred herein pursuant to 29 U.S.C. § 216(b); and

23. For such other and further relief as the Court may deem equitable and appropriate.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands trial of these claims by jury to the extent authorized by law.

DATED: December 19, 2018                                    **HAYES PAWLENKO LLP**

By: /s/Kye D. Pawlenko
Kye D. Pawlenko
Attorneys for Plaintiff

# EXHIBIT 1

# EXHIBIT 1

# EXHIBIT 1

**CONSENT TO SUE UNDER THE FLSA**

I, Connie Schwendeman, hereby consent to be a plaintiff in an action under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, to secure any unpaid wages, overtime pay, liquidated damages, attorneys' fees, costs and other relief arising out of my employment with Health Carousel LLC and its related entities.

I authorize Hayes Pawlenko LLP, and any associated attorneys as well as any successors or assigns to represent me in such action.

DATED: December 19, 2018                           _____
                                                                          Connie Schwendeman