**HAYES PAWLENKO LLP**
MATTHEW B. HAYES (SBN 220639)
mhayes@helpcounsel.com
KYE D. PAWLENKO (SBN 221475)
kpawlenko@helpcounsel.com
595 E. COLORADO BLVD., SUITE 303
PASADENA, CA 91101
(626) 808-4357; FAX (626) 921-4932

Attorneys for Plaintiff
CONNIE SCHWENDEMAN

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CONNIE SCHWENDEMAN, an individual on behalf of herself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HEALTH CAROUSEL, LLC; HEALTH CAROUSEL TRAVEL NETWORK, LLC; and DOES 1 to 10 inclusive,<br><br>Defendants. | Case No. 5:18-cv-07641-BLF<br><br>REPRESENTATIVE ACTION<br><br>**FIRST AMENDED COMPLAINT FOR CIVIL PENALTIES UNDER THE CALIFORNIA LABOR CODE PRIVATE ATTORNEYS' GENERAL ACT** |

**FIRST AMENDED COMPLAINT**

1

Plaintiff CONNIE SCHWENDEMAN ("Plaintiff"), on behalf of herself and all other aggrieved employees, by and through the California Labor and Workforce Development Agency ("LWDA"), alleges as follows:

## NATURE OF THE ACTION

1. This is a representative action under the Labor Code Private Attorneys' General Act ("PAGA") by and through the LWDA against the interrelated entities of HEALTH CAROUSEL, LLC and HEALTH CAROUSEL TRAVEL NETWORK, LLC for (1) failing to include the value of housing and meal and incidental benefits in the regular rate of pay when calculating overtime; (2) failing to pay all wages owing at time of discharge; and (3) failing to furnish accurate itemized wage statements.

## JURISDICTION

2. This Court has jurisdiction under 28 U.S.C. § 1332(a)(1) because the amount in controversy in this action exceeds $75,000, exclusive of interests and costs, and because the parties are citizens of different states.

## VENUE

3. This action may be brought in this judicial district pursuant to 28 U.S.C. § 1391 because Health Carousel, LLC and Health Carousel Travel Network, LLC transact business in this district and a substantial part of the acts and/or omissions giving rise to the claims occurred in this district.

## PARTIES

4. Plaintiff is a citizen of Florida who was employed as a non-exempt hourly employee of Health Carousel, LLC and Health Carousel Travel Network, LLC in Palo Alto, California from August 2017 to February 2018. Plaintiff brings this action by and through the LWDA, a citizen of California.

5. Defendant Health Carousel, LLC is an Ohio limited liability company that, at all relevant times, has been engaged in the business of health care staffing throughout California and the rest of the United States.

FIRST AMENDED COMPLAINT

2

6. Defendant Health Carousel Travel Network, LLC is an Ohio limited liability company that, at all relevant times, has been engaged in the business of health care staffing throughout California and the rest of the United States.

7. Defendants Health Carousel, LLC and Health Carousel Travel Network, LLC are joint employers and/or are integrated to such a degree that they are a single employer in that they both exercised control over Plaintiff's and other putative class members' wages, hours and working conditions, and they shared management, offices, human resources, payroll functions, and had common ownership and/or financial control.

8. Plaintiff is currently unaware of the true names and capacities of the defendants sued by the fictitious names DOES 1 through 10, inclusive, and, therefore, sue those defendants by fictitious names. Plaintiff alleges on information and belief that each of the DOE defendants is responsible or liable in some manner for the conduct alleged in the complaint and that Plaintiff's damages as herein alleged were proximately caused by those DOE defendants. Plaintiff will amend this complaint to allege the true names and capacities of such fictitiously named defendants when they are ascertained.

9. Plaintiff alleges on information and belief that, at all times herein mentioned, each of the defendants was the agent, servant and employee of each of the other defendants, and in connection with the conduct hereinafter alleged, was acting within the scope of such agency and employment, and each defendant ratified each and every act, omission and thing done by each and every other defendant named herein.

10. Defendants Health Carousel, LLC, Health Carousel Travel Network, LLC, and DOES 1 through 10 will be referred to hereafter, collectively, as "Defendants."

**FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

11. Defendants employ numerous non-exempt hourly health care professionals for travel assignments at health care providers throughout California (hereafter "Travelers").

12. Defendants require that Travelers be available to work at least the number of minimum guaranteed hours specified in their assignment contracts.

**FIRST AMENDED COMPLAINT**

3

13. As part of Travelers' compensation, Defendants provide a housing benefit in the form of either a per diem housing stipend or company-provided housing for the duration of the travel assignment.

14. As part of Travelers' compensation, Defendants provide a per diem meals and incidentals stipend for the duration of the travel assignment.

15. When Travelers fail to work the minimum number of weekly hours required by their contracts, Defendants assess a "fixed cost recovery" charge for each hour not worked, effectively reducing the value of the housing and meal and incidental benefits in proportion to the number of hours actually worked.

16. The housing and meal and incidental benefits are thus not based on the actual housing and meal expenses actually incurred each week, but instead are based upon, and fluctuate with, the number of hours worked per week.

17. Notwithstanding that the amount of the housing and meal and incidental benefits vary based upon hours worked, Defendants do not include the value of the housing benefit or meals and incidentals stipend in Travelers' regular rates of pay when calculating overtime and double time.

18. As part of Travelers' compensation, at the outset of an assignment Defendants promise to pay Travelers certain non-discretionary bonus remuneration upon satisfaction of the bonus criteria.

19. Notwithstanding that this promised bonus remuneration is non-discretionary once earned, Defendants do not include the value of bonus remuneration in Travelers' regular rates of pay when calculating overtime and double time.

20. When Travelers work double time, Defendants' wage statements inaccurately show those hours being paid at the base hourly rate.

21. During Plaintiff's employment with Defendants, she worked in excess of 8 hours per day and 40 hours per week.

///

**FIRST AMENDED COMPLAINT**

4

22. As part of Plaintiff's compensation, Defendants provided her with a per diem housing stipend and a per diem meals and incidentals stipend for the duration of her travel assignments.

23. When Plaintiff failed to work the minimum number of weekly hours required by her contract, she was assessed a fixed cost recovery charge for each hour not worked, effectively reducing the value of her per diem housing stipend and per diem meals and incidentals stipend in proportion to the number of hours she actually worked per week.

24. Defendants did not include the value of Plaintiff's per diem housing stipend or per diem meals and incidentals stipend in her regular rate of pay when calculating overtime and double time.

25. As part of Plaintiff's compensation, at the outset of her assignment Defendants promised to pay her certain non-discretionary bonus remuneration upon her satisfaction of the bonus criteria.

26. When Plaintiff satisfied the criteria and earned a bonus payment, Defendants failed to include the value of her bonus remuneration in her regular rate of pay when calculating overtime and double time.

27. When Plaintiff worked double time for Defendants, her wage statements inaccurately showed those hours being paid at her base hourly rate.

## FIRST CAUSE OF ACTION

## REPRESENTATIVE PAGA CLAIM FOR CIVIL PENALTIES

## LABOR CODE §§ 558, 1197.1, 2699

28. Plaintiff realleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

29. Labor Code section 510 requires an employer to pay premium overtime pay at 1.5 times the employee's regular rate of pay for all work in excess of 8 hours per day and 40 hours per week.

///

30. Labor Code section 510 further requires an employer to pay premium double time pay at 2 times the employee's regular rate of pay for all work in excess of 12 hours per day.

31. As a result of Defendants' failure to include all remuneration in their regular rate of pay for purposes of calculating overtime and/or double time pay, Plaintiff and other aggrieved employees were not paid the correct premium overtime and/or double time wage rates for all overtime and/or double time hours worked.

32. Labor Code section 201 requires an employer to immediately pay all wages earned and unpaid at the time of discharge.

33. Labor Code section 203 provides that if an employer willfully fails to pay any wages owing a discharged employee in accordance with Labor Code section 201, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days.

34. As a result of Defendants' failure to include all remuneration in their regular rate of pay for purposes of calculating overtime and/or double time pay, Plaintiff and other aggrieved employees were not paid all wages earned and unpaid at the time of their discharge.

35. Defendants' failure to pay Plaintiff and other aggrieved employees all wages earned and unpaid at the time of discharge was willful as Defendants intentionally failed to include all remuneration in their regular rate of pay when calculating their overtime and double time wage rates.

36. Labor Code section 226(a)(9) requires an employer to "furnish each of his or her employees … an accurate itemized statement in writing showing … all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee."

37. In violation of Labor Code section 226(a)(9), Defendants knowingly and intentionally furnished employees with wage statements that showed the incorrect hourly rate for double time hours worked.

///

**FIRST AMENDED COMPLAINT**

6

38. As a result of Defendants' failure to comply with Labor Code section 226(a)(9), Plaintiff and other aggrieved employees have suffered injury insofar as they cannot promptly and easily determine from their wage statements alone whether their double time hours worked were paid at the correct rate of pay.

39. As a result of the acts alleged herein, Plaintiff, on behalf of herself and other aggrieved employees, by and through the LWDA, seeks the recovery of civil penalties pursuant to Labor Code section 2699 for Defendants' violations of Labor Code sections 201, 226 and 510. These penalties include the underpaid wages recoverable through Labor Code section 558 and the penalties imposed by Labor Code section 203 recoverable through Labor Code section 1197.1, as well as the amounts recoverable pursuant to Labor Code section 2699(f).

40. On December 20, 2018, Plaintiff gave written notice by online filing with the LWDA and by certified mail to Defendants of the specific provisions of the Labor Code alleged to have been violated, including the facts and theories to support the alleged violations, and paid the $75 filing fee.

41. The LWDA did not provide Plaintiff with any notification of its intent to investigate the alleged violations. Plaintiff is therefore entitled to commence a civil action pursuant to Labor Code section 2699.3.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

### First Cause of Action

1. That the Court declare, adjudge and decree that Defendants violated Labor Code sections 201, 226 and 510 as a result of the misconduct alleged herein;

2. For civil penalties pursuant to Labor Code section 2699, including, but not limited to, the underpaid wages recoverable through Labor Code section 558 and the penalties imposed by Labor Code section 203 recoverable through Labor Code section 1197.1, as well as the amounts recoverable pursuant to Labor Code section 2699(f);

///

3. For reasonable attorneys' fees and costs of suit incurred herein pursuant to Labor Code section 2699; and

4. For such other and further relief as the Court may deem equitable and appropriate.

DATED: March 11, 2019                    **HAYES PAWLENKO LLP**

By:/s/Kye D. Pawlenko
Kye D. Pawlenko
Attorneys for Plaintiff

**FIRST AMENDED COMPLAINT**